LUVENIA V. CHILDS, Chairperson Cosmetology Examining Board
You indicate that the Cosmetology Examining Board has been having an ongoing difference of opinion with the secretary of the Department of Regulation and Licensing as to the respective powers of each agency.
The Examining Board has utilized two departmental employes whose positions were classified as barber and cosmetology inspectors. The Department and its secretary propose to have such positions reallocated to attorney and investigator positions, apparently so that their skills could also be utilized by other examining boards. The Examining Board has prepared and issued its own cosmetologist newsletter on a quarterly basis. The Department and its secretary deem that its own publication "Digest of Rules and Discipline" better serves the needs of all examining boards and will not authorize funding for other newsletters. The Examining Board has sponsored cosmetology institutes as a means of educating its licensees and informing the public. *Page 173 
The Department and its secretary deem that such institutes are unnecessary because the same material is covered in institutes sponsored by the private sector. The Examining Board has utilized practical examinations in determining whether applicants have the skills required for licensure. The Department and its secretary have advised that they have requested no funds in the 1981-83 biennial budget for practical exams for any period after July 1, 1982.
Although examining boards, including the Cosmetology Examining Board, are created "in the department of regulation and licensing," they are really attached for limited purposes. In my opinion their independence in certain areas is controlled by sec.15.03, Stats., and certain sections of ch. 440, Stats., hereinafter referred to.
Section 15.01(5)(b), Stats., provides:
 "Examining board" means a part-time body which sets standards of professional competence and conduct for the profession under its supervision, prepares, conducts and grades the examinations of prospective new practitioners, grants licenses, investigates complaints of alleged unprofessional conduct and performs other functions assigned to it by law.
Section 15.03, Stats., provides, in part:
 Any . . . board attached . . . to a department . . . shall be a distinct unit of that department . . . . Any . . . board so attached shall exercise its powers, duties and functions prescribed by law, including rule-making, licensing and regulation, and operational planning within the area of program responsibility of the . . . board, independently of the head of the department . . . but budgeting, program co-ordination and related management functions shall be performed under the direction and supervision of the head of the department or independent agency.
Section 15.04(1)(a),(b), as amended by ch. 221, Laws of 1979, provides:
 (1) Duties. Each head of department or independent agency shall: *Page 174 
 (a) Supervision. Except as provided in s. 15.03, plan, direct, coordinate and execute the functions vested in the department or independent agency.
 (b) Budget. Biennially compile a comprehensive program budget which reflects all fiscal matters related to the operation of the department or independent agency and each program, subprogram and activity therein.
Sections 15.40, and 15.401 (Intro.), (16), Stats., provide:
 There is created a department of regulation and licensing under the direction and supervision of the secretary of regulation and licensing.
 [Intro.] The department of regulation and licensing shall have the program responsibilities specified for the department under chs. 440 to 459. In addition:
[Note words of limitation "for the department"]
. . . .
 (16) Cosmetology examining board. The cosmetology examining board shall have the program responsibilities specified for the examining board
under ch. 458.
Section 15.405(15), Stats., provides in part: "There is created a cosmetology examining board in the department of regulation andlicensing."
Section 440.03(1), (3), Stats., sets forth the duties of the Department:
 (1) The department may adopt rules defining uniform procedures to be used by the department and all examining boards attached to the department for receiving, filing and investigating complaints, for commencing disciplinary proceedings and for conducting hearings.
. . . .
 (3) If the secretary reorganizes the department, no modification may be made in the powers and responsibilities of the examining boards attached to the department under s. 15.405. *Page 175 
Section 440.035, Stats., sets forth the duties of each examining board:
 Each examining board attached to the department shall:
 (1) Independently exercise its powers, duties and functions prescribed by law with regard to rule-making, licensing, certifying and regulation.
 (2) Be the supervising authority of all personnel, other than shared personnel, engaged in the review, investigation or handling of information regarding qualification of applicants for license, examination questions and answers, accreditation, investigation incident thereto, and disciplinary matters affecting licensees, or in the establishing of regulatory policy or the exercise of administrative discretion with regard to qualification or discipline of applicants or licensees or accreditation.
 (3) Maintain, in conjunction with their operations, in central locations designated by the department, all records of the examining boards pertaining to the functions independently retained by them.
 (4) Compile and keep current a register of the names and addresses of all licensees to be retained by the department and which shall be available for public inspection during the times specified in s. 230.35(6)(a).
Section 440.04, Stats., sets forth the duties of the secretary of the Department of Regulation and Licensing:
The secretary shall:
 (1) Centralize, at the capital and in such district offices as the operations of the department and the attached examining boards require, the routine housekeeping functions required by the department and the examining boards.
 (2) Provide the bookkeeping, payroll and accounting services, and the personnel advisory services required by the department.
 (3) Control the allocation, disbursement and budgeting of the funds received by the examining boards in connection with their licensing, certifying and related activities. *Page 176 
 (4) Employ, assign and reassign such staff as are required by the department and the attached examining boards in the performance of their functions.
(5) With the advice of the examining boards:
 (a) Provide the department with such supplies, equipment, office space and meeting facilities as are required for the efficient operation of the department.
 (b) Make all arrangements for meetings, hearings and examinations.
 (c) Provide such other services as the examining boards request.
 (6) Appoint outside the classified service an administrator for any division established in the department and a director for any bureau, including a bureau of nursing or a bureau of design professions, established in the department. Directors of bureaus shall be appointed from a list of candidates recommended to the secretary by a committee composed of the persons designated by the chairperson of each examining board for the occupations or professions which are regulated by that bureau.
Other powers and duties of the Department and of the Examining Board appear in ch. 458, Stats., renumbered from ch. 159 by ch. 221, Laws of 1979. The chapter is too lengthy to set forth in full here, however, in view of the statutes quoted above, special consideration must be given to the use of the words "department" and "examining board" in each section in ch. 458.
The Legislature apparently was aware that there was potential for conflict with respect to the powers of the Department and its secretary as opposed to those reserved to examining boards and provided for a method of resolution. Section 440.045, Stats., provides: "Any dispute between an examining board and the secretary shall be arbitrated by the governor or the governor's designee after consultation with the disputants." The differences you have may well be ripe for submission to the Governor. Nevertheless, I will attempt to offer limited advice.
Your questions, as restated, and my answers follow seriatim. *Page 177 
 1. Do the secretary and Department of Regulation and Licensing have power, without approval of the Examining Board, to seek reallocation of two barber and cosmetology inspector positions to attorney and investigator positions?
The answer is yes. However, the secretary should consider the needs of the Examining Board for personnel skilled in their special area of regulation. The secretary is the appointing authority by reason of secs. 15.02(4), 15.04, 230.03, 230.06,440.04(4), 458.05, Stats., and any reallocation would have to be approved by the Administrator of the Division of Personnel in the Department of Employment Relations pursuant to sec. 230.09(2), Stats. Creation of attorney positions outside the Department of Justice requires approval of the Governor. Sec. 20.918, Stats.
Section 159.05, Stats. (1977), provided:
 Employes. The department shall appoint, under the classified service, field inspectors who shall have been engaged in the practice of cosmetology in this state as licensed cosmetologists for the last 3 years immediately preceding their appointment. Such field inspectors shall devote their time to inspecting beauty and electrolysis salons and schools of cosmetology and in the performance of such other duties as are assigned by the department in connection with this chapter, and may enter any beauty and electrolysis salon or school of cosmetology during reasonable business hours for the purpose of inspection. In addition, the department shall appoint, under the classified service, such investigators as are required, whose qualifications shall be established jointly by the examining board and the director of personnel, to carry out investigations as assigned.
That section was amended and renumbered sec. 458.05, Stats., by ch. 221, Laws of 1979, to provide:
Inspectors
 The department shall appoint inspectors under the classified service . . . to inspect barber shops, beauty and electrolysis salons and schools of barbering and cosmetology . . ., who may be the same persons appointed under s. 457.05. *Page 178 
Section 440.04(4), Stats., empowers the secretary to "[e]mploy, assign and reassign such staff as are required by the department and the attached examining boards in the performance of their functions." In my opinion, the Examining Board has a duty to document need for personnel to be utilized on a full or part-time basis and the qualifications it deems necessary to fulfill the tasks to be assigned. The secretary and Department have a duty to reasonably and objectively consider requests of the Examining Board and to furnish personnel reasonably qualified to perform the tasks requested if available within budgeted limits.
 2. Do the secretary and Department have power to force the Examining Board to eliminate cosmetology institutes, the Examining Board Newsletter, and the use of practical examinations to evaluate whether applicants have the skills required for licensure by unilateral refusal to seek budget authorization for such functions, or the refusal to allocate funds, which were more generally designated and budgeted, for such purposes.
These are closer questions. Section 440.04(3), Stats., provides that the secretary shall "[c]ontrol the allocation, disbursement and budgeting of the funds received by the examining boards in connection with their licensing, certifying and related activities." This section must be construed in light of authority of the Examining Board to "[i]ndependently exercise its powers, duties and functions prescribed by law with regard to rule-making, licensing, certifying and regulation." Sec.440.035(1), Stats. Also see secs. 15.01(5)(b), 15.03, 15.401 (16), Stats. Although the secretary does have a duty under sec. 440.04(1), (2), (3), (4), Stats., with respect to budgeting, allocation and disbursement of funds, and to centralize "the routine housekeeping functions," "provide the bookkeeping," etc., services and "employ, assign, and reassign such staff as required by the department and the attached examining boards," such powers must be exercised giving due deference to the Examining Board's exercise of its powers with regard to "rule-making, licensing, certifying and regulation."
Section 15.03, Stats., provides in part: "[B]udgeting, program co-ordination and related management functions shall be performed under the direction and supervision of the head of the department." Both that section and sec. 15.04(1)(b), Stats., which require the secretary *Page 179 
to "compile a comprehensive program budget which reflects all fiscal matters related to the operation of the department or independent agency and each program, subprogram and activity therein" contemplate that an Examining Board have authority to request that the budget include funds for "rule-making, licensing, certifying and regulation" activities. The secretary has the duty of seeking a reasonable amount of funds for activities related to the "core" regulatory function of the Examining Board. The Examining Board, rather than the secretary, has the responsibility and the power to determine the manner in which the essential aspects of regulation, continuing education, and examinations are to be conducted within budget constraints.
Section 15.08(5), (6), Stats., provides, in part:
(5) General powers. Each examining board:
. . . .
 (b) Shall formulate rules for its own guidance and for the guidance of the trade or profession to which it pertains, and define and enforce professional conduct and unethical practices not inconsistent with the law relating to the particular trade or profession.
 (c) May limit, suspend or revoke, or reprimand the holder of, any license, permit or certificate granted by the examining board.
 (6) Improvement of the profession. In addition to any other duties vested in it by law, each examining board shall foster the standards of education or training pertaining to its own trade or profession, not only in relation of the trade or profession to the interest of the individual or to organized business enterprise, but also in relation to government and to the general welfare. Each examining board shall endeavor, both within and outside its own trade or profession, to bring about a better understanding of the relationship of the particular trade or profession to the general welfare of this state.
Determination of what constitutes the essential functions of the Examining Board on the one hand and what are merely Examining Board preferences (no matter how strongly felt by the Board) is necessary *Page 180 
therefore to resolve your second question. Rather than providing definitive answers, I can only provide guidance based on general considerations, and indicate the method provided by statute for resolving close questions.
The matter of the use of a type of examination, e.g., practical, to evaluate the skill level of applicants appears to be close to the core competence determining functions of the Examining Board. Secs. 458.02, 458.03, 458.06, 458.08, Stats. The use of a newsletter rather than a digest may be more a question of form rather than substance. Perhaps falling between these activities in terms of board prerogative is the matter of whether it is necessary to supplement private sector institutes with board run institutes adequately to prepare candidates for licensure. The nature, content, alternative availability and the role of the function in discharging the essential legislatively defined role of the Examining Board must be weighed on a case-by-case basis.
The allocation of responsibilities among the various boards and the Department has been the subject of legislative attention during recent years. Numerous changes have been made. Implementation of these changes has required accommodation and cooperation. Statutory language and its careful interpretation does not, however, as has been noted, provide definitive answers to the types of questions you have raised. To facilitate resolution of those matters that are not able to be worked out between the Examining Board and the Department, the Legislature has specifically provided: "Any dispute between an examining board and the secretary shall be arbitrated by the governor or the governor's designee after consultation with the disputants." Sec. 440.045, Stats. This mandatory language requiring arbitration by the appointing authority for both disputants establishes a statutory process of dispute resolution that ought to precede resort to an outside agency's application of a legal analysis to a specific factual context.
BCL:FJS *Page 181